· IN RE REVOCATION OF LICENSE TO OPERATE A MOTOR VEHICLE OF WILBUR ANDERSON WRIGHT.

(Filed 17 March, 1948.)

**1. Automobiles § 34a—**

G. S., 20-16, and G. S., 20-23, are parts of the same statute relating to the same subject matter and must be construed *in pari materia*.

**2. Same—**

G. S., 20-16 (7), gives the Department of Motor Vehicles discretionary power to suspend the license of an operator who has committed an offense in another state which would be grounds for suspension if committed here, and G. S., 20-23, prescribes that notice of conviction of such person in another state is sufficient evidence for action by the Department of Motor Vehicles, and adds the power of revocation.

**3. Automobiles § 34b—**

Discretionary suspensions and revocations of licenses by the Department of Motor Vehicles are reviewable under G. S., 20-25; mandatory revocations under G. S., 20-17, are not so reviewable.

**4. Constitutional Law § 10a—**

Courts have inherent authority to review the discretionary action of any administrative agency whenever such action affects personal or property rights, upon a *prima facie* showing, by petition for *certiorari*, that such agency has acted arbitrarily, capriciously or in disregard of law.

**5. Courts § 4e—**

The Legislature has full authority to provide for appeals to the Superior Court by licensees whose driving licenses have been suspended or revoked by the discretionary action of the Department of Motor Vehicles. G. S., 20-25; N. C. Constitution, Art. IV, sec. 12.

**6. Automobiles § 34b: Constitutional Law § 8c—**

The failure of G. S., 20-25, to provide standards for the courts on appeals by licensees whose driving licenses have been suspended or revoked by discretionary action of the Department of Motor Vehicles, does not invalidate the statute or negate the jurisdiction, since established rules of procedure of the courts give assurance against any unbridled exercise of discretionary power.

**7. Arrest and Bail § 7—**

"Bail" is security for defendant's appearance in court to answer a criminal charge there pending, and is ordinarily evidenced by a bond or recognizance which becomes a record of the court.

**8. Arrest and Bail § 8—**

Forfeiture of bail or a recognizance must be pursuant to a judgment of forfeiture entered in a pending cause by the judicial officer having jurisdiction thereof for nonappearance of defendant in answer to a call, proven by an entry on the minutes of the court and returned as a part of the proceeding.

**9. Same: Automobiles § 34b—**

The mere deposit of security with an arresting officer or magistrate pending issuance and service of warrant, which deposit is retained without the semblance of judicial or legal forfeiture is not a forfeiture of "bail" within the meaning of G. S., 20-24 (c), which provides that forfeiture of bail shall be equivalent to a conviction. In this case there having been no forfeiture of bail within the meaning of G. S., 20-24 (c), whether the statute applies to forfeiture by the courts of another state is not presented for decision.

**10. Automobiles § 34b—**

Notice of conviction in another state upon which the Department of Motor Vehicles may act is not limited to notice from a judicial tribunal or other official agency but the Department may act on notice from whatever source obtained.

**11. Same—**

G. S., 20-23, and G. S., 20-25, must be construed *in pari materia*.

**12. Same—**

All suspensions, cancellations and revocations of driving licenses made in the discretion of the Department of Motor Vehicles, whether under G. S., 20-16, G. S., 20-23, or any other provision of the statute, are reviewable by trial *de novo*.

**13. Same—**

A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee cannot be deprived save in the manner and upon the conditions prescribed by statute.

**14. Same—**

In reviewing the suspension or revocation of a driving license by the Department of Motor Vehicles in the exercise of its discretion, no discretionary power is conferred upon the Superior Court, and the court may determine only if, upon the facts, petitioner is subject to suspension or revocation under the provisions of the statute.

Petition to rehear.

*Attorney-General McMullan and Assistant Attorneys-General Moody and Tucker for respondent appellant.*

*Powell & Powell for petitioner appellee.*

Barnhill, J.   This cause was here at the Fall Term, 1947, and is reported *ante* at page 301, 45 S. E. (2d), 370.   The Department of Motor Vehicles petitions for a rehearing for that (1) the former opinion is erroneous in that it interprets and applies G. S. 20-16, whereas the license of Wright was revoked under the terms of G. S. 20-23; and (2) the interpretation placed on G. S. 20-25, as applied to a revocation of license under G. S. 20-16 and G. S. 20-23, is tantamount to a declaration that the statutory provisions relating to the revocation of drivers' licenses are unconstitutional.

In its brief it challenges the right of the court to review the action of the department in revoking the license of a motorist under G. S. 20-23. It contends that G. S. 20-25, as interpreted by the Court, is unconstitutional; that the Court, in reviewing the action of the department as therein authorized, is exercising delegated legislative and administrative authority; that the Act sets up no standards for the guidance of the Court, which is left free to exercise an unbridled discretion; and therefore the statute is unconstitutional in that it delegates legislative authority to the Court without prescribing proper standards for the exercise thereof.

This Court, in the consideration of the merits of the original appeal, did not overlook or fail to consider the provisions of G. S. 20-23.   After a careful examination of the original record in the light of the contentions now advanced we are constrained to adhere to the conclusion there reached.

However, the present petitioner is a department of our government, charged with the duty of enforcing the licensing provisions of our automobile law, and it now asserts that, for the reasons stated in its petition, the former opinion "is quite misleading and confusing" and leaves the enforcing officers in a state of uncertainty as to their rights and duties in enforcing the automobile law.   For that reason, without conceding the validity of the criticism, we brought the case back for amplification and clarification.

G. S. 20-16 and G. S. 20-23 are parts of the same statute and relate to the same subject matter.   Chap. 52, P. L. 1935, G. S. Chap. 20, art. 2. They must be considered *in pari materia*.   When so considered the two sections have the same connotation as if they read:

"The department shall have authority to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee (7) has com-

mitted an offense in another state which, if committed in this state would be grounds for suspension, and notice of the conviction of such person in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of such operator or chauffeur, shall be deemed and held to be satisfactory evidence, upon the receipt of which the department may either suspend or revoke the license of such operator or chauffeur."

The language of G. S. 20-16 (7) and G. S. 20-23 is almost identical. The first is the real source of authority. The latter prescribes a rule of evidence and adds the power of revocation, when G. S. 20-16 (7) is the basis of action.

No right accrues to a licensee who petitions for a review of the order of the department when it acts under the terms of G. S. 20-17, for then its action is mandatory. The court is granted authority to review only suspensions and revocations by the department in the exercise of its discretionary power. G. S. 20-25.

The jurisdiction vested in the court by this section does not constitute a delegation of legislative and administrative authority. The review is judicial and is governed by the standards and guides which are applicable to other judicial proceedings.

The court has inherent authority to review the discretionary action of any administrative agency, whenever such action affects personal or property rights, upon a *prima facie* showing, by petition for a writ of *certiorari,* that such agency has acted arbitrarily, capriciously, or in disregard of law. *Pue v. Hood,* 222 N. C., 310, 22 S. E. (2d), 896. G. S. 20-25 dispenses with the necessity of an application for writ of *certiorari,* provides for direct approach to the courts and enlarges the scope of the hearing. That the Legislature had full authority to impose this additional jurisdiction upon the courts is beyond question. N. C. Constitution, Art. IV, sec. 12.

Surely the failure of the Act to provide standards for the guidance of the courts, which already have their own rules of procedure, does not invalidate the statute or negate the jurisdiction. Any litigant may rest assured that those standards and rules to which the courts adhere give full assurance against any unbridled exercise of discretionary power.

G. S. 20-24 (c) provides that "conviction" shall mean a final conviction, and "a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction." It is argued that this provision of the statute applies to notice of conviction in another state and sustains the action of the department. This raises the question of the extraterritorial application of the Act—a question which, on this record, is not presented

for decision for the reason it is not made to appear that there was any forfeiture of the bail of the licensee.

"Bail" as here used means security for a defendant's appearance in court to answer a criminal charge there pending. Ordinarily it is evidenced by a bond or recognizance which becomes a record of the court. The forfeiture thereof is a judicial act. 6 A. J., 68; *S. v. Mills,* 13 N. C., 555; *S. v. Hill,* 25 N. C., 398; Clark, Crim. Proc. 84.

The judgment that the bond or bail has been forfeited must be entered in the court and in the cause in which it was filed. *S. v. Sanders,* 153 N. C., 624, 69 S. E., 272; *S. v. Moody,* 69 N. C., 529; *Bond Co. v. Krider,* 218 N. C., 361, 11 S. E. (2d), 291; *S. v. Bradsher,* 189 N. C., 401, 127 S. E., 349.

In the ordinary case the condition is not broken by nonappearance generally, to be proved by any evidence, but only by nonappearance in answer to a call, to be proved by an entry made on the minutes of the court and returned as a part of the proceeding. 6 A. J., 116. The call can only be made and a judgment of forfeiture entered in a pending cause and by the judicial officer having jurisdiction thereof. Clark, Crim. Proc., 98, 99, 100; Bishop, Crim. Proc., 2d ed. 222; *S. v. Dorr,* 5 L. R. A. 402 (W. Va.). See also S. C. Code of 1942, secs. 940, 943 and 1041.

Here there was no warrant served on the defendant and it does not appear that one was issued. As there was no warrant there was no criminal action pending in court. As there was no criminal action pending there could be no valid judgment of forfeiture. The language used by the Legislature is not sufficient, in any event, to embrace, and it never intended to include in its definition, the mere deposit of security with an arresting officer or magistrate pending the issuance and service of a warrant, which deposit is retained without the semblance of judicial proceeding or legal forfeiture.

G. S. 20-23 does not limit the notice of conviction in another state, upon which the department may act, to notice from a judicial tribunal or other official agency. Under the wording of the statute, from whatever source the notice may come, the department may act. It now contends that it may do so without affording the licensee a hearing and without any right of review. If it desires to maintain that position as to a hearing by it, decision of the question must await another day.

Its contention that the hearing provided by G. S. 20-25 does not relate to or include the permissible review of its action when it proceeds under G. S. 20-23 is without merit. The two sections are component parts of the same statute and must be read together as separate parts of the whole.

G. S. 20-25 gives a licensee whose license has been suspended or revoked the right to petition for a judicial review thereof in all cases "except where such cancellation is mandatory under the provisions of

this article." This includes all suspensions, cancellations, and revocations made in the discretion of the department whether under G. S. 20-16, G. S. 20-23, or any other provision of the statute.

None of the conditions, save one,—G. S. 20-16 (8)—upon which the department may in its discretion cancel, suspend or revoke the license of a motorist rests upon a conviction in a North Carolina court. It is apparent, therefore, that the Legislature was unwilling to vest this power in the department without providing the licensee with the right to a review by a court of this State. Hence the inclusion of the provisions of G. S. 20-25.

A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee may not be deprived save in the manner and upon the conditions prescribed by statute. These, under express provisions of the Act, include full *de novo* review by a Superior Court judge, at the election of the licensee, in all cases except where the suspension or revocation is mandatory. *S. v. McDaniels,* 219 N. C., 763.

It must be noted, however, that the discretion to suspend or revoke, or not to suspend or revoke, is vested in the department, subject to a judicial review of the facts upon which its action is based. No discretionary power is conferred upon the Superior Court. Hence, if the judge, upon the hearing, finds and concludes that the license of the petitioner is in fact subject to suspension or revocation under the provisions of the statute, the order of the department entered in conformity with the facts found must be affirmed.

The record of the original appeal fully sustains the findings and conclusions of the court below. Under those findings the license of Wright is not subject to suspension or revocation. He was entitled to a hearing in the Superior Court, notwithstanding the fact the department acted under G. S. 20-23. It follows that no cause for modification of our former opinion is made to appear.

The primary complaint of the department stems from the fact it filed no answer and offered no evidence at the hearing. This presents a situation against which we can afford no relief.

Petition dismissed.