LUTHER LEE MINTZ, PETITIONER, v. EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA, RESPONDENT.

(Filed 15 December, 1954.)

**1. Criminal Law § 17c—**

A plea of *nolo contendere* has the effect of a conviction by a jury, or a plea of guilty, for the purposes of the case in which it is entered.

**2. Evidence § 2—**

The courts will take judicial notice of the county seat of a county of this State.

**3. Automobiles § 34b—**

An official notice and record of "revocation of license" for the specified reason of "conviction of involuntary manslaughter" mailed to a driver by the Department of Motor Vehicles, *is held* to show that the license was revoked under G.S. 20-17 rather than suspended under G.S. 20-16, and does not support a finding by the trial court that the license was suspended under the latter statute.

**4. Same—**

A plea of *nolo contendere* to a charge of manslaughter resulting from the operation of an automobile supports the revocation of the driver's license under the mandatory provisions of G.S. 20-17.

**5. Same—**

The right of appeal under G.S. 20-25 is granted only when the Department of Motor Vehicles exercises its discretionary power under G.S. 20-16; no appeal lies where the Department revokes a license in accordance with the mandatory provisions of G.S. 20-17, and the lower court acquires no jurisdiction by an attempted appeal and the entire proceeding is void *ab initio.*

**6. Same—**

Where the Department of Motor Vehicles revokes a driver's license under the mandatory provisions of G.S. 20-17, the Department will not be estopped from denying that it was acting under the provisions of that statute by reason of a letter subsequently written to the licensee granting him a hearing under G.S. 20-16 (c), since in such instance a hearing is not authorized by law.

APPEAL by respondent from *Martin, Special Judge,* April Civil Term 1954 of NEW HANOVER.

Petition to compel the respondent, Commissioner of Motor Vehicles of North Carolina, to restore petitioner's automobile driver's license allegedly suspended for manslaughter resulting from the operation of a motor vehicle.

The facts were these: Petitioner had a chauffeur's license to operate motor vehicles on the highways of the State issued to him by the State Department of Motor Vehicles, which license had not expired. At the January 1954 Criminal Term of the Superior Court of Pender County, petitioner, with the consent of the Solicitor and Court, entered a plea of *nolo contendere* to a charge of manslaughter resulting from the operation of an automobile by petitioner. The Court entered judgment that the defendant pay a fine of $250.00 and the costs. Shortly thereafter the petitioner received the following notice through the mails:

"Form DL-44

NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES
STATE HIGHWAY PATROL
RALEIGH

Ren. Ch.
L. C. Att.
Mar. 19, 1954
B                                                    January 8, 1954
    OFFICIAL NOTICE AND RECORD OF REVOCATION OF LICENSE:
Name of Licensee—Luther Lee Mintz
Address of Licensee—Route #2, Box 515,
                     Wilmington, N. C.
                     was: Rt. 2, Box 224
Driver's License No. Ren: Ch: 35991
                     (33 w m 200 6-0 brn-gry)
Date of Revocation—January 7, 1954
    "You may apply for a new license—January 7, 1955—provided you have complied with the Safety Responsibility Act.
"Convicted of—Involuntary Manslaughter
  Date of Conviction—January 7, 1954
  Name of Court—Superior Court
  Location of Court—Burgaw, N. C.

    "The above named person will take notice that the law forbids said person to drive a motor vehicle upon the highways of the State during the period of revocation.            (s)   JAMES R. SMITH, *Colonel*
                                                    Commanding
                                                    State Highway Patrol."

Upon receipt of this notice petitioner requested a hearing from the Department of Motor Vehicles. His lawyers received a letter dated 3 March 1954 from Charles A. Speed, Major Director, Safety Division, State Highway Patrol, stating that upon petitioner's request and pursuant to the provisions of G. S. N. C. 20-16(c) the Department afforded him an opportunity for a hearing on 12 March 1954 in Wilmington, New Hanover County, the county of petitioner's residence. After said hearing the Department, by letter dated 16 March 1954, notified petitioner it had determined to allow petitioner's license to remain revoked.

Whereupon the petitioner filed his petition in the Superior Court of New Hanover County, in which he alleged that his chauffeur's license was suspended by the Department. Respondent answered denying that he suspended the chauffeur's license of petitioner, and alleged that the said license was revoked under the mandatory provisions of G. S. N. C. 20-17.

The trial judge heard the evidence, made findings of fact, and entered judgment.

The sole evidence bearing upon the question as to whether the chauffeur's license of petitioner was suspended under the provisions of G. S. N. C. 20-16, or revoked under the mandatory provisions of G. S. N. C. 20-17, was the above notice sent to petitioner by the State Department of Motor Vehicles and the letter from the Department dated 3 March 1954. The trial judge found as a fact that the petitioner's chauffeur's license was suspended by the respondent under G. S. N. C. 20-16 for one year from 7 January 1954 because of his plea of *nolo contendere,* and ordered the respondent to restore to petitioner his chauffeur's license.

Respondent excepted and appealed, assigning error.

*Harry McMullan, Attorney General, and Samuel Behrends, Jr., Member of Staff, for the State.*

*John C. Wessell and Elbert A. Brown for Petitioner, Appellee.*

PARKER, J. This decisive question is presented for determination: Was the chauffeur's license of petitioner *suspended* by the State Department of Motor Vehicles pursuant to the provisions of G. S. N. C. 20-16, or was his license *revoked* under the mandatory provisions of G. S. N. C. 20-17? If the Department acted pursuant to G. S. N. C. 20-16, the case of *Winesett v. Scheidt, Comr. of Motor Vehicles,* 239 N.C. 190, 79 S.E. 2d 501, controls, and the decision of the lower court was correct. If the Department revoked petitioner's license under G. S. N. C. 20-17, *Fox v. Scheidt, Comr. of Motor Vehicles, ante,* p. 31, 84 S.E. 2d 259, controls, and the lower court should be reversed.

G. S. N. C. 20-16 is captioned: "AUTHORITY OF DEPARTMENT TO SUSPEND LICENSE," and provides: "(a) The Department shall have authority to suspend the license of any operator or chauffeur without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee: 1. Has committed an offense for which mandatory revocation of license is required upon conviction; 2. Has been involved as a driver in any accident resulting in the death or personal injury of another or serious property damage, which accident is obviously the result of the negligence of such driver . . ." Subsection (c) of this section provides that upon a suspension of license of any person by the Department, the person, whose license was suspended, upon request shall be given a hearing, and upon such hearing, after hearing the evidence, the Department shall either rescind its order of suspension, or good cause appearing therefor, may extend the suspension of such license.

G. S. N. C. 20-17 is headed: "MANDATORY REVOCATION OF LICENSE BY DEPARTMENT" and reads: "The Department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for any of the following offenses when such conviction has become final: 1. Manslaughter (or negligent homicide) resulting from the operation of a motor vehicle." Other cases specified in this section requiring mandatory revocation are omitted as not relevant.

It is true that the Official Notice and Record of Revocation of License mailed to the petitioner does not state that the Department acted under G. S. N. C. 20-17, but throughout the word, *revocation, and not suspension,* is used, and the reason specified for the revocation is *conviction of involuntary manslaughter* 7 January 1954, Superior Court, Burgaw, North Carolina: these words conform with the language of G. S. N. C. 20-17 and not with G. S. N. C. 20-16. A plea of *nolo contendere* has all the effect of a conviction by a jury, or a plea of guilty, for the purposes of that case only. *Fox v. Scheidt, Comr. of Motor Vehicles, supra;* and *Winesett v. Scheidt, Comr. of Motor Vehicles, supra.* The petitioner makes no contention that his conviction had not become final. We take judicial notice that Burgaw is the county seat of Pender County. *Baker v. Varser,* 239 N.C. 180, 79 S.E. 2d 757. It seems plain, and we so hold, that the Department revoked the chauffeur's license of petitioner under the mandatory provisions of G. S. N. C. 20-17. There is no evidence to support the trial judge's finding of fact that petitioner was notified by the Department that his chauffeur's license was suspended under G. S. N. C. 20-16. While the letter of the Department dated 3 March 1954 states that pursuant to G. S. N. C. 20-16(c), a hearing was granted petitioner, the evidence as to the action of the Department was mandatory revocation under G. S. N. C. 20-17, and not suspension under G. S. N. C. 20-16.

The Record in *Winesett v. Scheidt, Comr. of Motor Vehicles, supra,* shows that Winesett in his Petition, paragraph 5, alleged: that the Department sent him notice in writing through the U. S. Mails "that his said operator's license to operate motor vehicles on the public highways of North Carolina was suspended," and that "said notice stated that the cause of suspension was G. S. 20-16(1) . . ." Scheidt, the respondent, in his answer to the Petition, paragraph 5, stated: "That the allegations contained in Paragraph 5 of the Petition are admitted."

We said in *Fox v. Scheidt, Comr. of Motor Vehicles, supra:* "G. S. N. C. 20-25, which gives the right of appeal, expressly excepts a right of appeal when such cancellation is mandatory. 'No right accrues to a licensee who petitions for a review of the order of the Department when it acts under the terms of G. S. 20-17, for then its action is mandatory.' *In re Revocation of License of Wright,* 228 N.C. 584, 46 S.E. 2d 696."

Although the Department gave petitioner a hearing under G. S. N. C. 20-16(c), such a hearing was not authorized by law, because that subsection applies to a suspension of a driver's license under G. S. N. C. 20-16, and not to a mandatory revocation under G. S. N. C. 20-17.

The right of appeal to the Court under G. S. N. C. 20-25 is granted only when the Department exercises its discretionary power. *In re Revocation of License of Wright,* 228 N.C. 584, 46 S.E. 2d 696. Therefore, the lower court had no jurisdiction of the present proceeding for the Department revoked petitioner's license under the mandatory provisions of G. S. N. C. 20-17, and the entire proceeding was void *ab initio.*

The revocation of the chauffeur's license of the petitioner by the Department under the mandatory provisions of G. S. N. C. 20-17 was the exercise of a governmental or sovereign right prescribed by the General Assembly in the interests of public safety upon the highways of the State, and respondent is not estopped by the letter of the Department dated 3 March 1954 granting petitioner a hearing from asserting that the revocation was done under the mandatory provisions of that section. *Henderson v. Gill, Comr. of Revenue,* 229 N.C. 313, 49 S.E. 2d 754; *Washington v. McLawhorn,* 237 N.C. 449, 75 S.E. 2d 402.

When the Department of Motor Vehicles suspends or revokes a driver's license to operate a motor vehicle, all its records, including the notice mailed to, or served upon, the licensee, should state explicitly whether it acts under the provisions of G. S. N. C. 20-16, or the provisions of G. S. N. C. 20-17.

The recent decision of *Fox v. Scheidt, Comr. of Motor Vehicles, supra,* is controlling. Under its authority the judgment of the lower court is reversed, and the proceeding will be dismissed with the costs taxed against the petitioner. It is so ordered.

Reversed.