Yuland K. CONAWAY, Petitioner and Respondent,

v.

S. W. THOMPSON, State Highway Commissioner, Respondent and Appellant.

No. 7592.

Supreme Court of North Dakota.

July 26, 1956.

Rehearing Denied Sept. 26, 1956.

 

Leslie R. Burgum, Atty. Gen., Vernon R. Pederson, Sp. Asst. Atty. Gen., Bismarck, for appellant.

Traynor & Traynor, Devils Lake, for respondent.

MORRIS, Judge.

This is an appeal by the state highway commissioner from an order of the District Court of Ramsey County modifying an order of the commissioner suspending the driver's license of Yuland K. Conaway by reducing the length of the suspension from sixty to thirty days. The appealability of the order is not challenged. The parties have treated it as a final order.

On October 27, 1955, the licensee pled guilty in the District Court of Ramsey County to an information charging him with driving a motor vehicle while under the influence of intoxicating liquor. On November 3, 1955, the commissioner issued an administrative order suspending the driver's license for sixty days. On November 12, 1955, the licensee wrote the commissioner requesting a hearing pursuant to the provisions of Section 32, Chapter 251, SLND 1955. This letter was received by the commissioner on November 14. Thereafter a representative of the commissioner suggested that the licensee outline his position in a letter, which he did on November 23, 1955. On November 30, 1955, the commissioner by letter to the licensee ordered that his original suspension prevail. On December 6, 1955, the licensee petitioned the district court for a hearing pursuant to the provisions of Section 38, Chapter 251, SLND 1955, whereupon the court issued an order setting the matter for hearing on January 17, 1956, and the commissioner was notified accordingly. The hearing resulted in the order from which this appeal is taken.

The commissioner contends that upon an appeal to the district court pursuant to the provisions of Section 38, Chapter 251,

SLND 1955, the court may not substitute its discretion for that of the state highway commissioner. He argues that if the facts adduced at the hearing before the court are sufficient to afford the commissioner statutory grounds for suspending the license his order cannot be disturbed. Section 31 of that act authorizes the commissioner to suspend the license of an operator of a motor vehicle upon a showing by his records or other sufficient evidence that the licensee

"Has been convicted of driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle." Paragraph 7.

Section 38 gives the licensee of a license that has been suspended by the commissioner on discretionary grounds the right to file a petition in the district court within thirty days after the suspension asking for a hearing

"and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commissioner and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Act."

It is further provided that the decision of the district court is subject to appeal. It is under this section that this matter was heard in the district court and an appeal taken to this court.

Chapter 251, SLND 1955 is an adaptation of a "uniform" driver's license law and has counterparts in the statutes of other states. Ours are not the only courts that have had difficulty in construing and applying driver's license legislation. In Carnegie v. Department of Public Safety,

Fla., 60 So.2d 728, 731, the Supreme Court of Florida in considering statutory provisions identical to ours said:

"we feel it incumbent to point out that Section 322.31 requires the court on such appeal 'to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of his license under the provisions of this chapter.' In construing a similar provision of the Pennsylvania Vehicle Code, 75 P.S. § 193, the courts of that state have uniformly held that the case is heard *de novo* by the court and not merely as a review of the action of the department charged with the enforcement of the Vehicle Code of that state; that it is the duty of the court 'to hear evidence and determine, in the exercise of (its) sound discretion and in the furtherance of justice, whether the license should be suspended.' Commonwealth v. Herzog, 359 Pa. 641, 60 A.2d 37, 38. See also Commonwealth v. Eisenmenger, 365 Pa. 127, 74 A.2d 173, and Commonwealth v. Etzel, 370 Pa. 253, 86 A.2d 64. This would certainly seem to be the better rule where, as in this state, the Department is authorized to suspend without a hearing, and the operator may appeal directly to a court of record from such suspension, so that the hearing before the court is the first opportunity he has had to present his side of the story and to confront and cross-examine the witnesses against him."

In Commonwealth v. Emerick, 373 Pa. 388, 96 A.2d 370, 373, the court reviewed its former cases dealing with the statutory power vested in the trial court upon appeal from an order suspending a driver's license. The statute provided:

" 'Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hear-

ing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit * * * under the provisions of this act.'" 75 P.S. § 193.

The court said:

"The Commonwealth again contends, as it unsuccessfully has previously done, that this statutory provision restricts the power of the Court of Common Pleas to the narrow inquiry whether or not the licensee violated the Code, and if so, the suspension of the Secretary must be sustained. But on numerous occasions this Court has denied such contention. We have repeatedly decided that on appeal the hearing is *de novo*. * * *

"In such *de novo* hearing neither the action of the Secretary nor the testimony taken before him, or his representative, is properly a part of the record in the court of common pleas. * * *

"Following such hearing *de novo* the hearing judge is required to make his independent finding of fact and exercise his discretion whether or not a suspension should be decreed."

In re Wright, 228 N.C. 301, 45 S.E.2d 370, 372, involves a similar statutory provision. Considering it the court said:

"Upon the filing of a petition for review, it is the duty of the judge, after notice to the department, 'to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this article.' G.S. § 20–25. This is more than a review as upon a writ of *certiorari*. It is a rehearing *de*

*novo*, and the judge is not bound by the findings of fact or the conclusions of law made by the department. Else why 'take testimony', 'examine into the facts', and 'determine' the question at issue?"

A rehearing was had in the above case and the court wrote another opinion in amplification and clarification of what it had previously said. 228 N.C. 584, 46 S. E.2d 696, 700. While adhering to its former conclusion, the court in the second opinion stated:

"It must be noted, however, that the discretion to suspend or revoke, or not to suspend or revoke, is vested in the department, subject to a judicial review of the facts upon which its action is based. No discretionary power is conferred upon the Superior Court. Hence, if the judge, upon the hearing, finds and concludes that the license of the petitioner is in fact subject to suspension or revocation under the provisions of the statute, the order of the department entered in conformity with the facts found must be affirmed."

This statement is cited by the appellant in support of his position and is seemingly in conflict with the views expressed in the Pennsylvania and Florida cases from which we have quoted.

■ The fact that courts have so differed in the construction and application of the language under consideration is indicative of its ambiguity. The choice appears to be between a construction that gives the licensee a full and complete retrial in a court of law of the action of an administrative officer who acts in a quasi-judicial capacity in a proceeding wherein he is an interested party and one which provides a limited review of the action of such officer. Where, as here, the legislative intention to limit the scope of the proceedings on appeal is not clear we favor the construction that gives to the licensee an unrestricted hearing in the court to

which the statute gives him the right of appeal. Thus we adopt the views expressed by the supreme courts of Pennsylvania and Florida with respect to the scope of the hearing accorded the licensee in the trial court.

Our determination is further confirmed by the fact that there is no appeal under Section 38 where cancellation or revocation is mandatory. See Thompson v. Thompson, N.D., 78 N.W.2d 395. If no discretionary power is vested in the court and review is confined to a determination of whether grounds for suspension, cancellation, or revocation exist, would the legislature not have provided for the same review whether the grounds for the commissioner's order were mandatory or discretionary?

 It is clear that the proceeding provided by Section 38 is not an appeal in the sense that it is a review of the record made before the commissioner. It is instituted by a petition as an original proceeding in the district court which is required to try it as such. The proceeding should be conducted as a trial before the court without a jury, with respect to which Section 28-1601, NDRC 1943 provides that:

"Upon the trial of any question or issue of fact by the court, its findings of fact and conclusions of law, and direction for entry of judgment in accordance with such conclusions must be given in writing and filed with the clerk * * *."

The proceeding should result in an order for judgment and judgment and not just an order.

The last sentence of Section 38 states:

"The decision of the district court shall be subject to appeal by either the petitioner or the commissioner."

The statute contains no further provision with regard to review of the decision of the district court. The appeal from the judgment therefore falls under the procedure provided for appeals from judgments rendered in actions tried by the court without a jury. See Section 28-2732, NDRC 1943. We have thus discussed the procedure under Section 38 to aid the trial courts and avoid further confusion in the practice.

We now revert to a consideration of the issue raised by this appeal. Both parties have participated in and acquiesced in the conduct of the proceedings in the district court. No complaint is made that the determination of the court was made in the form of a final order rather than an order for judgment. The only question raised by appeal is whether the court erred in reducing the suspension of the license from sixty days to thirty days. There was no cross-appeal and therefore other questions discussed in the licensee's brief are not before this court.

 It is argued that even though discretion rests with the trial court to determine whether the license should be suspended that discretion does not extend to a determination of the length of suspension. The interpretation of the ambiguous language of Section 38 that it shall be the duty of the court "to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Act" depends in a measure on the nature of the proceedings for which the section provides. We have already decided that the trial court tries the case de novo on the facts as adduced before it and that his function is not to review the record upon which the commissioner made his order. It is a trial on the merits. It would seem that after taking testimony and examining into the facts of the case as the statute requires it is the duty of the court to dispose of the whole case on the testimony and facts so adduced. Those facts may bear materially on the question of the length of time during which the license should be suspended and the court

should not be bound by a record, testimony, and facts that may differ from those before the court at the time the case is tried, unless the statute clearly so provides. We would further point out that the length of suspension is but an incident of the power to suspend and since the court must determine as a matter of his discretion whether the license should be suspended that discretion must also be exercised in determining the period of time for which the suspension should be effective. We therefore hold that it was within the power of the district court after hearing the testimony and examining the facts to determine not only whether the license should be suspended but the length of time during which a suspension should endure not exceeding the maximum provided by law. This the court did.

The order appealed from is affirmed.

SATHRE, JOHNSON and GRIMSON, JJ., concur.

BURKE, Chief Justice (dissenting).

I cannot agree that the language of Section 38, Chapt. 251, Laws of N.D.1955, is ambiguous. This section provides, that upon an appeal from an order of the high- way commissioner revoking or suspending a driver's license be " * * * court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commissioner and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Act."

I agree that this section provides for a trial de novo of the question which the court is specifically vested with jurisdiction to determine. I think, however, that the language "to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Act" means to determine whether grounds for suspension, cancellation or revocation exist under the statute. I think that is the limit of the jurisdiction conferred upon the court on such appeals and that the court may not, after having found that sufficient grounds exist, modify the order of the commissioner with respect to the term of a suspension. In re Wright, 228 N.C. 584, 46 S.E.2d 696.