WILLIAM MASON JUSTICE, PETITIONER v.
EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES, RESPONDENT.

(Filed 13 April, 1960.)

1. Automobiles § 1—

The General Assembly, in the exercise of the State's police power to enact such rules as are reasonable and necessary to promote safety upon the highways, has authority to require a showing of financial responsibility as a prerequisite to the issuance of license or operating permit to those using the public highways.

2. Same—

A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee may not be deprived save in the manner and upon the conditions prescribed by statute.

3. Same—

Construing Section 11(a) of Chapter 1006, S.L. 1947, with Section 15(c) of Chapter 1067, enacted the same day, the authority of the Department of Motor Vehicles or the Commissioner to suspend license or permit of an operator for failure to pay a judgment is limited to one year.

4. Statutes § 5d—

Statutes in pari materia are to be construed together and harmonized, if possible, so as to give effect to all of the provisions of each.

5. Automobiles § 1—

Section 14, Chapter 1300, S.L. 1953, by its express terms does not apply to any accident, or judgment arising therefrom, occurring prior to the effective date of the statute. G.S. 20-279.14.

6. Same—

A petition showing that the Commissioner of Motor Vehicles had refused petitioner's request for a driver's license solely because of an unsatisfied judgment against the petitioner, that more than a year had elapsed since the revocation of petitioner's license for failure to pay the judgment, that petitioner is now able to show financial responsibility and is qualified for the renewal of his license, states a cause of action for the issuance or renewal of the license and demurrer thereto was improperly sustained.

APPEAL by petitioner from *Johnston, J.,* December 7, 1959 Mixed Term, FORSYTH Superior Court.

Petition under G.S. 20-233 to review respondent's act in refusing to issue to petitioner an operator's or driver's permit to operate a motor vehicle upon the public highways. The petitioner alleges in substance the following: That he is a resident of North Carolina and for many years was a licensed truck driver with years of experience and a perfect accident record. In 1948 his son, while driving petition-

er's automobile, was involved in an accident as a result of which a judgment for $3,000 was rendered against the petitioner at the October Term, 1952, Forsyth Superior Court. On October 24, 1952, the judgment creditor caused a copy of the judgment to be certified to the Commissioner of Motor Vehicles, and a second copy was certified on April 22, 1953. On July 6, 1953, the Department of Motor Vehicles ordered petitioner's operator's license suspended and a member of the State Highway Patrol picked up the operator's license and the registration plates.

The petitioner, being unable to satisfy the judgment and his other obligations, on December 16, 1954, was adjudged a bankrupt. On February 28, 1955, the United States Court for the Middle District of North Carolina entered an order in the bankruptcy proceeding discharging him from all claims and debts provable against him under the acts of Congress; that the order discharged his liability on the judgment; that G.S. 20-244 to the contrary is unconstitutional.

The petitioner further alleges the Commissioner of Motor Vehicles is without power to revoke or suspend his operator's license for more than one year from the date of the accident in which his son was involved; that the petitioner is thoroughly qualified for operator's license; that he has made application to the proper authorities and has furnished liability insurance showing financial responsibility; that the Department of Motor Vehicles and the respondent have refused to permit him to take examination for operator's license and have ordered his liability insurance cancelled; that the Department claims authority to refuse to issue license so long as the judgment against him remains unpaid; that the Acts of the North Carolina General Assembly do not, when properly construed, authorize the denial of a permit; but if they be so interpreted, they are unconstitutional and invalid in that they contravene the Fourteenth Amendment to the Constitution of the United States.

The respondent filed a demurrer on the grounds the complaint showed upon its face that the petitioner is not qualified for operator's license by reason of the unpaid judgment. The court sustained the demurrer and the petitioner excepted and appealed.

*Thomas Wade Bruton, Attorney General, Lucius W. Pullen, Assistant Attorney General for respondent, appellee.*

*W. Scott Buck for petitioner, appellant.*

HIGGINS, J. Petitioner, in his excellent brief, contends (1) under applicable law in effect at the time of the accident the Department

of Motor Vehicles had authority to suspend his operator's license for one year only, for failure to satisfy the judgment; (2) if the Court should hold, as respondent contends, the revocation continued without limitation of time until the judgment is satisfied, then in that event the legislative provision violates the petitioner's rights under the Fourteenth Amendment to the Constitution of the United States.

Under its police power, the State, through its legislative branch, may make such rules as are reasonable and necessary to promote safety upon the highways and to protect the public by requiring a showing of financial responsibility as a prerequisite to the issuance of license or operating permit for those using the public highways. However, "A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee may not be deprived save in the manner and upon the conditions prescribed by statute." *In re Revocation of License of Wright*, 228 N.C. 584, 46 S.E. 2d 696.

At the legislative session of 1947 two acts were passed regulating travel upon the highways: Chapter 1006, known as "The Motor Vehicles Safety and Responsibility Act," and Chapter 1067, known as "The Highway Safety Act." Section 11(a) of Chapter 1006 provides: "The Commissioner shall suspend the operator's or chauffeur's license . . . issued to any person who has failed for a period of sixty days to satisfy any judgment in amounts and upon a cause of action as hereinafter stated, immediately upon receiving authenticated report as hereinafter provided to that effect." No time limit for the suspension is provided in Chapter 1006. However, § 15(c) of Chapter 1067, after fixing other time limitations (not including failure to pay judgments) provides: "When a license is suspended under any other provision of law, the period of suspension shall be not more than one year."

Both chapters relate to the same subject — safety on the public highways. Both were passed and ratified on the same day, April 5, 1947, and both became effective on the same day, July 1, 1947. "Statutes *in pari materia* are to be construed together, and it is a general rule that the courts must harmonize such statutes, if possible, and give effect to each, that is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious body of legislation, if possible." *Blowing Rock v. Gregorie*, 243 N.C. 364, 90 S.E. 2d 898; *In re Wright*, 228 N.C. 584, 46 S.E. 2d 696; *Fletcher v. Collins*, 218 N.C. 1, 9 S.E. 2d 606; *State v. Dixon*, 215 N. C. 161, 1 S.E. 2d 521; *Wilson v. Jordan*, 124 N.C. 683, 33 S.E. 139. Section 11(a) of Chapter 1006, Session Laws of 1947, gives the Department of Motor Vehicles, or the Commissioner, authority to sus-

pend license or permit of an operator for failure to pay a judgment. Section 15(c) of Ch. 1067 limits the time of the suspension to one year.

It is argued that the Commissioner, under the authority of § 14 of Chapter 1300, Session Laws of 1953, now G.S. 20-279.14, may refuse to renew an operator's license under the provision, "Suspension To Continue Until Judgments Paid and Proof Given." The terms of the Act itself render it unnecessary to discuss other reasons why the contention is not well founded. Section 37 of the Act provides: "This Act shall not apply with respect to any accident or judgment arising therefrom, or violation of the motor vehicles laws of this State, occurring prior to the effective date of this Act."

We conclude the plaintiff's petition states a cause of action in that it alleges the petitioner is qualified for renewal of his license; that he is able to show financial responsibility; that the respondent has refused to permit him to show his qualifications solely upon the ground the judgment against him growing out of his son's accident in 1948 has not been satisfied. Having arrived at that conclusion, it is unnecessary for us to discuss other questions presented and argued on the appeal. The judgment of the Superior Court of Forsyth County in sustaining the demurrer is

Reversed.