SYKES v. HIATT

[98 N.C. App. 688 (1990)]

―――――――――

CLINTON ROLAND SYKES, PETITIONER v. WILLIAM S. HIATT, COMMISSIONER, NORTH CAROLINA DIVISION OF MOTOR VEHICLES, RESPONDENT

No. 8914SC346

(Filed 5 June 1990)

1. **Automobiles and Other Vehicles § 2.5 (NCI3d) — South Carolina DWI — citation rather than warrant — failure to appear — North Carolina license suspended**

The trial court did not err by holding that the Department of Motor Vehicles had validly suspended petitioner's driving privileges based on a bond forfeiture in South Carolina where defendant was stopped on Highway I-95 in South Carolina; he was given a breathalyzer examination by an officer of the South Carolina Highway Patrol; his blood alcohol level was .12; cash bond was set in lieu of jail; petitioner was summoned to appear before a trial officer; petitioner did not appear and the trial officer entered a disposition of forfeited bond; South Carolina notified the North Carolina Division of Motor Vehicles that petitioner had forfeited his bond when he failed to appear in court; and DMV subsequently notified petitioner that his driving privileges were being suspended pursuant to the N.C.G.S. § 20-16(a)(7) and N.C.G.S. § 20-23. Both the South

SYKES v. HIATT

[98 N.C. App. 688 (1990)]

Carolina Code and the North Carolinia General Statutes now permit criminal process by issuance and service of a citation; N.C.G.S. § 20-16(a)(7) authorizes the DMV to suspend the license of an operator upon a showing that the licensee had committed an offense in another state which would be grounds for suspension or revocation if committed in North Carolina, and driving while impaired is grounds for revocation in North Carolina. N.C.G.S. § 15A-302.

**Am Jur 2d, Automobiles and Highway Traffic §§ 133, 135, 978; Evidence § 45.**

2. **Evidence § 2 (NCI3d) — DWI in South Carolina — license revocation in North Carolina — judicial notice of similarity between impaired driving statutes**

N.C.G.S. § 8-4 permits the court to take judicial notice of other states' statutes and the trial court did not err in a license revocation proceeding by taking judicial notice of the similarity between the South Carolina impaired driving statutes and the North Carolina statute.

**Am Jur 2d, Automobiles and Highway Traffic §§ 133, 135, 978; Evidence § 45.**

APPEAL by petitioner from judgment entered 2 December 1988 by *Judge Anthony M. Brannon* in DURHAM County Superior Court. Heard in the Court of Appeals 22 September 1989.

Petitioner instituted this action to recover his North Carolina driver's license. On 31 October 1987 petitioner received a citation for driving under the influence of alcohol in South Carolina. He was summoned to appear in court in South Carolina on 16 November 1987 but failed to appear. South Carolina notified the North Carolina Division of Motor Vehicles (herein "DMV") that petitioner had forfeited his bond when he failed to appear in court. The DMV subsequently notified petitioner that his driving privileges were being suspended pursuant to G.S. 20-16(a)(7) and G.S. 20-23. After appealing the suspension through an administrative hearing, petitioner appealed to the trial court. The trial court affirmed the action of the DMV, and petitioner appeals.

*Rudolph L. Edwards for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William B. Ray, for William S. Hiatt, Commissioner, North Carolina Division of Motor Vehicles, respondent-appellee.*

PARKER, Judge.

[1]   On appeal, petitioner first argues that no valid bond forfeiture occurred in South Carolina and that the trial court erred in holding that the DMV had validly suspended his driving privileges based on this bond forfeiture.

General Statutes Chapter 20, Article 2, reads as follows:

20-16. Authority of Division to suspend license.

(a) The Division shall have authority to suspend the license of any operator with or without a preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee:

> (7) Has committed an offense in another state, which if committed in this State would be grounds for suspension or revocation.

G.S. 20-16(a)(7).

General Statute 20-23 authorizes DMV to suspend or revoke a resident's license "upon receiving notice of the conviction as defined in G.S. 20-24(c) of such person in another state of the offenses hereinafter enumerated which, if committed in this State, would be grounds for the suspension or revocation of the license of an operator." The section applies only to offenses set forth in G.S. 20-26(a).

General Statute 20-26(a), in turn, cross references to G.S. 20-17 for an additional list of offenses to which G.S. 20-23 and G.S. 20-24(c) are applicable. General Statute 20-17(2) reads as follows:

20-17. Mandatory revocation of license by Division.

> The Division shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction for any of the following offenses when such conviction has become final:

> (2) Impaired driving under G.S. 20-138.1.

Petitioner contends that DMV could not validly suspend his driver's license pursuant to these statutes because he was not convicted of the offense of driving while impaired in South Carolina. Petitioner argues that conviction under G.S. 20-24(c) is defined as

"a final conviction of a criminal offense or a determination that a person is responsible for an infraction."

Petitioner admits that he received a citation in South Carolina for which he posted a cash bond in the amount of $218.00 to insure his appearance in court. Relying on *In re Revocation of License of Wright*, 228 N.C. 584, 46 S.E.2d 696 (1948), petitioner argues, however, that no bond forfeiture occurred in South Carolina when he failed to appear because the notice from South Carolina stated only that a uniform traffic ticket was issued. There could be no legal bond forfeiture without a legal proceeding, and there could be no pending legal proceeding unless a warrant had been issued. *Id.* at 588, 46 S.E.2d at 699. *See also In re Donnelly*, 260 N.C. 375, 132 S.E.2d 904 (1963).

Since the Supreme Court's decisions in *Wright* and *Donnelly*, the South Carolina Code and the North Carolina General Statutes have been amended to permit service of process by citation for misdemeanor traffic violations. South Carolina Code Ann. § 56-7-10 states:

> There will be a uniform traffic ticket used by all law enforcement officers in arrests for traffic offenses . . . .

> . . . The service of the uniform traffic ticket shall vest all traffic, recorders', and magistrates' courts with jurisdiction to hear and to dispose of the charge for which the ticket was issued and served.

S.C. Code Ann. § 56-7-10 (Law. Co-op. 1976). This section has been interpreted by the South Carolina Supreme Court to vest jurisdiction in the traffic court to hear and dispose of traffic charges without the necessity of an arrest warrant. *State v. Prince*, 262 S.C. 89, 91, 202 S.E.2d 645, 646 (1974).

Under G.S. 15A-302, North Carolina now also permits criminal process by issuance and service of a citation. General Statute 15A-921(1) provides that a citation may serve as the pleading in a criminal case. A citation directs a person to appear in court and answer a misdemeanor or infraction charge or charges. G.S. 15A-302(a).

In view of these statutory changes which now permit the institution of legal proceedings without a warrant, *Wright, supra, and Donnelly, supra,* do not preclude revocation of petitioner's

license in this case. From the face of the record and the Uniform Traffic Ticket issued to petitioner the following facts are made to appear. Defendant was stopped on Highway I-95 south of Hardeeville, South Carolina, on 31 October 1987 at 2:49 a.m. He was taken to jail, where he was given a breathalyzer examination at 4:20 a.m. by an officer of the South Carolina Highway Patrol. Petitioner's blood alcohol level was 0.12. In lieu of jail, a cash bond in the amount of $218.00 was set and accepted by D. Youngblood. Petitioner was summoned to appear before trial officer R. E. Grayson on 16 November 1987 at 7:00 p.m. in the City Hall of Hardeeville, South Carolina. On 16 November 1987 petitioner did not appear and trial officer Grayson entered a disposition of "forfeited bond." The face of the violator's copy of the ticket states, "Present this summons to the trial officer shown above." The ticket further states in bold letters:

> IF YOU FORFEIT BAIL ... THIS VIOLATION WILL BE PLACED AGAINST YOUR DRIVING RECORD. FAILURE TO COMPLY WITH THE TERMS OF THIS SUMMONS WILL RESULT IN THE SUSPENSION OF YOUR DRIVERS LICENSE BY YOUR HOME STATE.

Petitioner stipulated that he received a copy of this Uniform Traffic Ticket.

Under S.C. Code Ann. § 56-5-2940, the forfeiture of bail in a driving under the influence case is the equivalent of conviction for purposes of punishment. *See State v. Langford*, 223 S.C. 20, 73 S.E.2d 854 (1953). General Statute 20-24(c) defines "conviction" as a "final conviction of a criminal offense." General Statute 20-16(a)(7) authorizes the DMV to suspend the license of an operator upon a showing by its records that the licensee "has committed an offense in another state, which if committed in this State would be grounds for suspension or revocation." Driving while impaired is grounds for revocation in this State. G.S. 20-17(2). Respondent stipulated to the breathalyzer report showing 0.12 blood alcohol concentration. Under G.S. 20-138.1(a)(2) a person who has an alcohol concentration of 0.10 or more at any relevant time after driving commits the offense of driving while impaired. From the evidence in this case, defendant clearly committed an offense in South Carolina for which his license could be revoked if committed in North Carolina, and his forfeiture of bond amounted to a conviction of the offense of impaired driving in South Carolina.

[2]  Petitioner also contends the trial court erred in taking judicial notice of the similarity between the South Carolina impaired driving statutes and the North Carolina statute. This argument is without merit, as G.S. 8-4 permits the court to take judicial notice of other states' statutes.

Based on the foregoing, the judgment of the trial court is affirmed.

Affirmed.

Judges EAGLES and GREENE concur.