IN RE REVOCATION OF LICENSE TO OPERATE A MOTOR VEHICLE OF WILBUR ANDERSON WRIGHT.

(Filed 10 December, 1947.)

**1. Automobiles § 34a—**

Upon a receipt of notification from the highway department of another state that a resident of this State had there been convicted of drunken driving, the Department of Motor Vehicles has the right to suspend the driving license of such person. G. S., 20-16 (7) ; G. S., 20-17 (2) ; G. S., 20-23.

**2. Automobiles § 34b—**

Upon the filing of a petition for review by a person whose license to drive an automobile has been suspended or revoked by the Department of Motor Vehicles, the hearing in the Superior Court is *de novo,* and the Superior Court is not bound by the findings of fact or the conclusions of law made by the Department. G. S., 20-25.

**3. Same—**

Petitioner was arrested in South Carolina charged with operating a motor vehicle while under the influence of intoxicants. He gave bond for appearance, but no warrant was served on him, no trial had, and his bond

forfeited. His license was suspended by the Department of Motor Vehicles upon information of the Highway Department of South Carolina that he had been found guilty of driving while intoxicated. Upon review the Superior Court found, in addition, that the suspension was based upon misinformation and further that petitioner in fact is not guilty. *Held:* The findings support the court's order directing the respondent to cancel the suspension and to restore license to petitioner.

**4. Same—**

The statute, G. S. 20-16 (b), provides for a hearing by the Department of Motor Vehicles upon application of a licensee whose license has been suspended, and this procedure should be followed and should be made to appear in the petition before review by the Superior Court.

APPEAL by respondent Department of Motor Vehicles from *Burney, J.,* in Chambers at Wilmington, N. C., 30 August 1947, NEW HANOVER. Affirmed.

Petition under G. S. 20-25 for review of an order of the Department of Motor Vehicles revoking petitioner's automobile driver's license.

On 10 April 1947 petitioner, while operating a motor vehicle in the State of South Carolina, was involved in a collision with another vehicle. He was arrested and charged with the offense of operating a motor vehicle on the highways of South Carolina while under the influence of intoxicants. He gave bond for his appearance at a hearing set for the next day. No warrant was served on him. He avers, and the court below found, that he was not advised of the day of the hearing other than as stated on a paper handed him when he gave bond, and which he took to be a receipt for his money. Being injured in the collision, he took a bus and returned to his home at Tabor City. He did not attend the hearing and his bond was forfeited. There was no trial and defendant has never been found guilty of operating a motor vehicle on the public highways of South Carolina while under the influence of intoxicants.

On 17 April 1947 the Director of the Motor Vehicle Division of the State Highway Department of South Carolina advised respondent in part as follows:

"The records of the Department reveal that on April 10, 1947 a resident of your State, whose name and address is shown below, was apprehended on a charge of Driving Intoxicated, Date of hearing April 11, 1947, Disposition Guilty, Judicial Officer Mag. Smart, Conway, S. C." A copy thereof was mailed to petitioner.

Upon receipt of said notice the Department of Motor Vehicles, acting under authority conferred by G. S. 20-23, suspended the driving license of petitioner and on 24 July gave him notice thereof. The petitioner, within 30 days thereafter, filed this petition for review. The respondent filed no answer.

When the petition came on to be heard in the court below, the court found the facts in detail, including many not material on the question here presented for decision. It concluded that although the respondent acted in good faith, its order was based on misinformation; that the license of petitioner was wrongfully revoked; and that he is entitled to retain the same. It therefore entered an order directing the respondent to cancel said suspension and restore said license to petitioner. Respondent excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Moody and Tucker for respondent appellant.*
*Powell & Powell for petitioner appellee.*

Barnhill, J. The statute, G. S. 20-16, vests the Department of Motor Vehicles with discretionary authority "to suspend the license of any operator without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee: (7) Has committed an offense in another state, which if committed in this state would be grounds for suspension or revocation"; and in this State the revocation of a driver's license is mandatory whenever it is made to appear that the licensee has been found guilty of "Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug." G. S. 20-17 (2). Hence the department had the right to act upon receipt of the information furnished by the State Highway Department of South Carolina. See, also, G. S. 20-23.

But the petitioner had the right to a review by a Superior Court judge. G. S. 20-25.

The power of the court, here invoked, to review the order of suspension made by respondent is not the limited, inherent power of the judicial branch of the government to review the discretionary acts of an administrative officer. *Pue v. Hood, Com'r.,* 222 N. C., 310, 22 S. E. (2d), 896, and cited cases. The power is conferred by statute. G. S. 20-25. Hence we must look to the Act conferring the jurisdiction to ascertain the nature and extent of the review contemplated by the Legislature.

Upon the filing of a petition for review, it is the duty of the judge, after notice to the department, "to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this article." G. S. 20-25. This is more than a review as upon a writ of *certiorari.* It is a rehearing *de novo,* and the judge is not bound by the findings of fact or the conclusions of law made by the department. Else why "take testimony," "examine into the facts," and "determine" the question at issue?

Here the court below found that no warrant was issued against the petitioner, no hearing was had, no verdict was pronounced, and the suspension was based upon misinformation. Furthermore, it found that petitioner in fact is not guilty. The facts thus found fully support the judgment entered.

The department filed no answer, and it does not satisfactorily appear on this record whether the petitioner sought and obtained a hearing by the department before filing his petition for a hearing before the judge. Although no question in respect thereto is presented on this record, we deem it advisable to call attention to the fact provision for a hearing by the department, upon application of the aggrieved licensee whose license has been suspended or revoked by the department in the exercise of its discretionary power, is contained in the Act. G. S. 20-16 (b). Orderly procedure demands that the administrative remedies should be exhausted before resort is had to the courts under G. S. 20-25. That this has been done should be made to appear in the petition for a hearing before the judge.

The judgment below is

Affirmed.