IN RE JAMES EDWARD DONNELLY.

(Filed 30 October 1963.)

1. Automobiles § 2—

Where no warrant, summons, arrest report, or other lawful process is served on or delivered to the driver of an automobile arrested in another state, evidence that a copy of the arrest report was placed among his

personal effects and that he delivered a sum in cash to an official to obtain his release, which sum was not returned, is insufficient to show a judicial forfeiture of bail or collateral deposited to secure defendant's presence in court. G.S. 20-16(a) (7), and the Department of Motor Vehicles is not authorized to suspend or revoke the operator's license upon such evidence. G.S. 20-23.

**2. Same—**

A license to operate a motor vehicle on public highways of this State is a personal privilege and property right of which a person may not be deprived except in accordance with statutory provisions as they are written and construed in this jurisdiction, and a contrary holding in another jurisdiction is not conclusive here.

**3. Same—**

The provisions of G.S. 20-16(a) (7) that the Department of Motor Vehicles shall have authority to suspend an operator's license upon a showing by its records or "other satisfactory evidence" that the licensee has committed an offense in another state which, if committed here, would warrant revocation, *held* to refer to the form of notice of conviction in another state and does not purport to confer extra territorial jurisdiction on our courts to determine the guilt or innocence of a person charged with committing an offense in another state.

**4. Same—**

On appeal from the discretionary suspension of an automobile driver's license, the hearing in the Superior Court is *de novo*, and the Superior Court is not vested with any discretionary authority but is empowered to make only judicial review of the facts to ascertain whether the licensee is in fact and in law subject to suspension or revocation.

APPEAL by petitioner from *Froneberger, J.,* July 1963 Session of GASTON.

Petition for restoration of motor vehicle operator's license.

James Edward Donnelly, petitioner, is a resident of Gaston County, North Carolina, and on 10 March 1963 was holder of a driver's license duly issued to him by the Commissioner of Motor Vehicles of the State of North Carolina. On said date he was operating a motor vehicle on a public highway of the State of South Carolina. He was stopped by a highway patrolman of that State, placed under arrest and lodged in the common jail at Clover, South Carolina. He was advised that the cause of arrest was drunken driving. He remained in jail several hours, and was released when he delivered $50 in cash to an official. Thereafter he received by mail a notice from the South Carolina State Highway Department, dated 19 March 1963, advising that his privilege of operating a motor vehicle in South Carolina was suspended for 12 months for driving while under the influence of intoxicants.

Attached to the notice was a copy of a letter to the North Carolina Department of Motor Vehicles stating that he had been arrested for drunken driving and had forfeited bail on 11 March 1963. The North Carolina Department entered an order on 26 March 1963 suspending his driver's license for one year. G.S. 20-16(a) (7); G.S. 20-23. In the meanwhile petitioner had employed counsel and by letter of 25 March 1963 requested a hearing as provided in G.S. 20-16(d). A hearing was held on 23 April in Gaston County by an agent of the North Carolina Department of Motor Vehicles. On 24 April petitioner was advised that his license would "remain in a state of suspension" until 28 March 1964. On 13 May he filed petition for a hearing *de novo* in the Superior Court of Gaston County. G.S. 20-25. The Commissioner filed answer to the petition and a hearing was had in superior court on 8 July.

At the hearing petitioner testified in substance as follows: He was driving on a South Carolina highway. He was in a line of traffic which had been stopped by patrolmen to check drivers' licenses. Patrolman B. M. Poore examined his license, required him to get out of the car, and asked if he had been drinking. He stated he had drunk two beers. The patrolman had him to walk a few paces and told him he had had too much to drink. Petitioner denied this. He was taken to jail by another patrolman, who told him he had been arrested for driving while under the influence of intoxicants. Later patrolman Poore came to his jail cell and told him he was charged with "being drunk." Thereafter petitioner called his wife. She came for him. He got $50 in cash from her and delivered it to an official and was released. He did not get a receipt for the money and had no trial. He signed no papers. No warrant, citation or other paper was served on or delivered to him. No one informed him of a time or place for trial. No one took anything out of his pockets at the jail. He was not searched. He retained his pocketbook, cigarettes, matches and other personal belongings. He thought the $50 was taken for a fine.

The respondent, North Carolina Commissioner of Motor Vehicles, introduced in evidence a document, marked "Exhibit A," and entitled "Official Summons and Arrest Report," with the heading "South Carolina State Highway Patrol," date "March 20, 1963," and case designation *South Carolina versus James Edward Donnelly*." It sets out petitioner's address, occupation, driver's license number, and his vehicle's make, model and license number. It directs defendant to appear before Magistrate Joe F. Youngblood at Clover, S. C., at 11:00 A.M. on March 11, 1963, to answer a charge of driving under the influence of intoxicating liquor. It gives the date of arrest, 10 March 1963, and the name of the arresting officer, B. M. Poore. At the bottom it has

these entries: "Amount of Fine $50.00 . . . Certified correct Joe Youngblood—3-11-63."

B. M. Poore, South Carolina highway patrolman, testified in substance: In his opinion, petitioner was under the influence of intoxicants when arrested. He staggered when he walked and had the odor of intoxicants on his breath. He advised Donnelly that he was under arrest for drunken driving. He did not advise Donnelly the date he would be required to appear before the Magistrate. At the jail Donnelly's personal belongings were taken, in Poore's presence, and placed in an envelope. Poore filled out the "Summons ticket" (Exhibit A above) and placed it in the envelope with Donnelly's belongings, and told him his bail was $50. Poore was not present when petitioner was released from jail. Poore did not sign a warrant; he signed Exhibit A, but not under oath. It was placed in petitioner's envelope, but Poore does not know whether it was given to him or not. No warrant, notice or summons was officially served on petitioner. Exhibit A was not handed to him.

The judge made full findings of fact, including such of the facts recited above as are not in dispute and also the following:

". . . (P)etitioner received a copy of official summons and arrest report signed by the arresting officer. . . ."

". . . (P)etitioner failed to appear in the Magistrate's Court at the time and place designated in the summons and arrest report and . . . the case was called for a hearing; . . . the petitioner failed to appear and the cash bond deposited by the petitioner was forfeited. . . ."

Petitioner "committed the offense of and was guilty of operating a motor vehicle on the highways in the State of South Carolina on March 10, 1963, while under the influence of intoxicating liquors . . . ."

The court was of the opinion "That the North Carolina Department of Motor Vehicles acted within its lawful authority in suspending the petitioner's . . . operator's permit . . .," and adjudged that respondent's suspension order of 26 March 1963 is affirmed.

Petitioner appeals.

*Mullen, Holland & Cooke for petitioner.*
*Attorney General Bruton and Assistant Attorney General Brady for Respondent.*

MOORE, J. N.C.G.S. 20-23 provides that "The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another state

of any offense therein which, if committed in this State, would be grounds for the suspension or revocation of the license. . . ." Such authority to suspend a driver's license may be exercised either "with or without preliminary hearing." G.S. 20-16 (a) (7). A forfeiture of bail or collateral deposited to secure a defendant's appearance in court is, for the purposes of the foregoing sections, equivalent to a conviction—provided the forfeiture has not been vacated. G.S. 20-24(c).

The criminal offense, operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, as defined by the South Carolina statute, is in all material aspects the same as set out in the North Carolina statute. Code of S. C., s. 46-343; N.C.G.S. 20-138.

On this appeal the inquiry is whether there was a judicial forfeiture of petitioner's bail upon which to predicate a suspension or revocation of his North Carolina driver's license.

The court below found as a fact "that petitioner *received* a copy of official summons and arrest report signed by the arresting officer." If this finding means that the arresting officer put the indicated document in an envelope containing some of petitioner's personal belongings, the finding is supported by evidence. But the evidence is positive that no warrant, summons, arrest report or other lawful process was served on or delivered to petitioner, to bring to his notice or knowledge the offense with which he was charged, the court before which he was to appear, or the time and place of trial. Furthermore, it appears on the face of the "official summons and arrest report" that it could not have been served on or delivered to petitioner before the purported forfeiture of bail took place. It is dated "March 20, 1963"—this date is ten days subsequent to the arrest, and nine days after the purported forfeiture. Indeed, it does not appear that respondent, North Carolina Commissioner of Motor Vehicles, contends that any warrant or other lawful process was served on petitioner. Respondent contends only that petitioner's bail was forfeited, and that under the provisions of G.S. 20-24(c) such forfeiture is equivalent to a conviction.

This Court has had occasion to decide this exact question in a prior opinion. *In re Wright,* 228 N.C. 301, 45 S.E. 2d 370, rehearing 228 N.C. 584, 46 S.E. 2d 696. A North Carolina citizen, holder of a North Carolina driver's license, was arrested in South Carolina on a charge of driving while under the influence of intoxicants. He gave bond. No warrant was served. He did not appear for trial, and his bond was forfeited. Upon receipt of notice of the forfeiture the North Carolina Department of Motor Vehicles suspended his license. This court held that where no warrant is served no legal action is pending in court,

and when no legal action is pending there can be no valid judgment of forfeiture of bail. Further, the mere deposit of security with an arresting officer or magistrate pending issuance and service of warrant, which deposit is retained without the semblance of judicial or legal forfeiture is not a forfeiture of bail within the meaning of G.S. 20-24(c).

Respondent desires that we reconsider the matter in the light of a decision of the South Carolina Court in the case of *State v. Langford*, 223 S.C. 20, 73 S.E. 2d 854 (1952), in which our opinion in the *Wright* case is discussed and a contrary result is reached. In the *Langford* case defendant was arrested and orally advised that he was charged with operating a motor vehicle while under the influence of intoxicants. The charge was entered on the criminal docket of the Municipal Court of Greenville, South Carolina, but no warrant was ever served. Defendant posted bond, but failed to appear when the court convened later in the day. The bond was forfeited. The South Carolina law provides that all proceedings before a magistrate in criminal cases shall be commenced on information under oath, upon which, and only which, shall a warrant of arrest issue. The Court said: ". . . (J)urisdiction of the offense charged and of the person accused is indispensable to a valid conviction. 'It has been said that jurisdiction of the subject matter of a particular case is vested in the court when the appropriate charge is filed, while the jurisdiction of the person is acquired when the party charged is arrested or voluntarily appears in court and submits himself to its jurisdiction.' 22 C.J.S., Criminal Law, s. 143, p. 235. While jurisdiction of the offense or subject matter may not be waived, the objection that the court has no jurisdiction of the person may be waived, and as a general rule 'is waived when accused submits to the jurisdiction of the court by posting bail or entering a recognizance without objection.' 22 C.J.S., Criminal Law, s. 161, p. 259." Further: "It is our conclusion that respondent (defendant) has waived any right to attack, upon the ground that no warrant has been issued for him, the judgment of forfeiture entered in the Greenville Municipal Court."

Respondent implies that the opinion of the South Carolina Court in *Langford*, as to the validity of the forfeiture of bail when no warrant has been served, is binding on this Court in the case at bar. We are not dealing here with the South Carolina statute authorizing the suspension of driver's license upon forfeiture of bail. We are concerned only with the force and effect of the North Carolina statute, G.S. 20-24(c). We adhere to our holding in the *Wright* case. In the text from which the South Carolina Court quotes we find the following: *"Where a court has jurisdiction of the offense or subject matter,* the objection

that it has no jurisdiction of the person of accused may be waived." Emphasis added. 22 C.J.S., Criminal Law, s. 161, p. 418. A license to operate motor vehicles on the public highways of North Carolina is a personal privilege and property right which may not be denied a citizen of this State who is qualified therefor under our statutes. It may be suspended or revoked only in accordance with statutory provisions as they are written and construed in this jurisdiction.

As a matter of law the finding of the court below that "the cash bond deposited by the petitioner was forfeited" cannot be sustained on this record. It was not such judicial forfeiture as will support the suspension or revocation of a North Carolina driver's license.

The court below also found as a fact that petitioner "was guilty of operating a motor vehicle on the highways in the State of South Carolina on March 10, 1963, while under the influence of intoxicating liquors." Respondent contends that this finding, taken alone, is sufficient to sustain the judgment. He relies upon the following language of G.S. 20-16(a) (7): "The Department shall have the authority to suspend the license . . . upon a showing by its records or *other satisfactory evidence* that the licensee . . . (7) Has *committed* an offense in another state. . . ." He insists that this authorizes the court, in a hearing pursuant to G.S. 20-25, to determine the guilt or innocence of petitioner as the sole basis for withholding or granting him relief from the suspension or revocation. It is true that the superior court in the *Wright* case found as a fact that Wright was not guilty, and the Supreme Court held that the facts found, including incidentally the finding of innocence, were sufficient to support the judgment that petitioner's license be restored. It is not stated or even intimated in that opinion that the superior court of North Carolina may determine the guilt of a licenseholder, with respect to offenses alleged to have been committed in another state, as the sole predicate for suspension or revocation of his license. It is proper for the Department's hearing agent to hear and consider evidence bearing on guilt and innocence, among other things, relative to offenses outside the State, to assist him in reaching a decision in the exercise of discretionary authority. In its finding as to guilt the court below was merely reviewing this aspect of the Department's decision. On appeal and hearing *de novo* in superior court, that court is not vested with discretionary authority. It makes judicial review of the facts, and if it finds that the license of petitioner is in fact and in law subject to suspension or revocation the order of the Department must be affirmed, otherwise not. *In re Wright, supra* (rehearing opinion, p. 589). The Department may not suspend or revoke license in the first instance until it receives "notice of the

*conviction . . . in another state."* G.S. 20-23. It is therefore the conviction in another state that is under review in superior court. The statutes do not contemplate a suspension or revocation of license by reason of a conviction in North Carolina of an alleged offense committed beyond its borders. In criminal matters the courts of North Carolina have no original extraterritorial jurisdiction. *State v. Carson,* 228 N.C. 151, 44 S.E. 2d 721; *State v. Hall,* 114 N.C. 639, 19 S.E. 602. The words "other satisfactory evidence," in G.S. 20-16(a) (7) refer to the form of notice of conviction in another state, and confer no extraterritorial jurisdiction of the offense itself.

The judgment below is

Reversed.