ROBERT BRUCE (BRICE) PARKS, PETITIONER, v. RALPH L. HOWLAND, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA, RESPONDENT

No. 6910SC160

(Filed 2 April 1969)

**1. Automobiles § 2— revocation of driver's license — scope of review in superior court**

In a hearing in the superior court upon petition of a person whose license has been cancelled under G.S. 20-9(f) on the ground that his out-of-state operator's license was revoked in the other state, the court is not bound by the allegations of the petition but may also consider evidence

and make findings thereon that the petitioner, in applying for an operator's license in this State, falsely affirmed that his out-of-state license was not suspended. G.S. 20-25.

**2. Automobiles § 2— revocation of license — out-of-state suspension as basis for revocation — forfeiture of bond**

Where petitioner's operator's license issued by the State of Florida was revoked by that state upon forfeiture of bond for the offense of driving while under the influence of intoxicants, the North Carolina Department of Motor Vehicles is authorized under G.S. 20-9(f) to cancel petitioner's operator's license issued in this State, since (1) the Florida revocation was based upon an offense which constitutes lawful grounds for revocation had the offense been committed in this State, and (2) the Florida order of forfeiture upon which the revocation was based complied with due process under the laws of that state.

**3. Automobiles § 2— grounds for revocation of license**

In this State the revocation of a driver's license is mandatory whenever it is made to appear that the licensee has been found guilty of driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug. G.S. 20-17(2).

**4. Automobiles § 2— out-of-state suspension as basis for revocation — duration of revocation**

Under statute providing that Department of Motor Vehicles shall not issue operator's license to any person whose license is suspended or revoked in another jurisdiction for acts which would constitute lawful grounds for suspension or revocation in this State had the acts been committed in this State, the Department of Motor Vehicles must apply the period of revocation of the other state, since the person was a resident of the other state and was subject to and controlled by the laws of that state at the time the offense was committed. G.S. 20-9(f).

APPEAL by petitioner from *Canaday, J.,* at the 11 November 1968 Session, WAKE County Superior Court.

On 26 September 1968 Robert Bruce (Brice) Parks (petitioner) filed a petition in Wake County Superior Court under G.S. 20-25 seeking a review of the action of the Department of Motor Vehicles of North Carolina (Department) in refusing to issue to him an operator's license.

While a resident of the State of Florida, the petitioner was convicted by a Florida court in November 1958 and again in October 1959 for driving a motor vehicle while under the influence of alcoholic beverages. On each occasion his operator's license was revoked. On 15 July 1966 the petitioner was stopped in Manatee County, Florida, by Highway Patrolman Patterson, who charged him with operating a motor vehicle while under the influence of intoxicating liquor. Petitioner was given a traffic ticket to that effect and taken to jail. After remaining in jail for approximately eight

hours, he was released after bail bond in the amount of three hundred dollars was posted by the petitioner and the "Florida Insurance Exchange", his bail bond company. After the petitioner was released, no papers were served upon or delivered to him.

R. J. Marshall, prosecuting attorney in and for the County of Manatee and State of Florida, issued an information in the County Court of Manatee County, in which the petitioner was charged with unlawfully driving a motor vehicle on 15 July 1966 while under the influence of alcoholic beverages, as defined in the Florida statutes. On 27 July 1966 this information was filed for record with the Clerk of Circuit Court, Manatee County. On 1 August 1966 the petitioner and his bail bond company, "Florida Insurance Exchange", were called out thrice by the sheriff in the County Court of Manatee County, but did not answer. The county court judge then ordered that the bail bond be forfeited to the State of Florida for the use and benefit of Manatee County and that the sheriff pay the same unto the depository for Manatee County, upon collection thereof. On 19 September 1966 the Department of Public Safety of the State of Florida issued an order of license revocation for a period of five years, effective 1 August 1966. The reason recited in the order for this revocation was "Estreature of bond in the County Court, Manatee County, Florida, for the offense of driving while under the influence of intoxicants. (Third offense within ten years)". On 21 October 1966 the order of revocation was delivered to a sergeant for service. However, it was returned on 4 November 1966 marked "unable to locate, believed to have left the state."

On 14 February 1967 the petitioner applied for a North Carolina operator's license. In his application he stated that on 17 November 1965 he had been licensed as an operator in the State of Florida and that he had never had an operator's license cancelled, denied, revoked or suspended. On the basis of this application, the petitioner was issued Operator's License #2706086, and he surrendered his Florida Operator's License #236319 to Department. This Florida license was forwarded by Department to the State of Florida. Department was thereafter notified by the State of Florida that, effective 1 August 1966, the petitioner's Florida operator's license was in a state of revocation for a period of five years as a result of a third conviction for driving while under the influence of intoxicants. Upon receipt of this notification, Department cancelled Operator's License #2706086 and recalled same. The petitioner then requested a hearing before Department.

On 20 August 1968 a hearing was held before Department, at

which time the petitioner was refused a license until the Florida revocation was cleared. On 26 September 1968 the petitioner filed a petition in Wake County Superior Court under G.S. 20-25 seeking a review of Department's action. On 14 November 1968 a hearing was held before Judge Canaday, who heard testimony and examined into the facts of the case. Judge Canaday found as a fact that the petitioner had answered one of the questions in his application falsely by stating that he had never had an operator's license cancelled, denied, revoked or suspended. It was, therefore, concluded by Judge Canaday that Operator's License #2706086 was properly cancelled under the provisions of G.S. 20-15. It was further concluded that Department was "precluded from issuing to petitioner a motor vehicle operator's license by the provisions of N.C.G.S. 20-9(f), his driving privileges being revoked in the State of Florida for a period of five years for a third conviction of operating a motor vehicle while under the influence of intoxicating beverage effective as of 1 August 1966." Judge Canaday then denied the petition, affirmed the action of Department and refused to issue an operator's license. The petitioner excepted and appealed to the Court of Appeals.

*Attorney General Robert B. Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for defendant appellee.*

*Vaughan S. Winborne and Gilbert B. Swindell by Vaughan S. Winborne for petitioner appellant.*

CAMPBELL, J.

The petitioner raises three questions on this appeal: (1) Was it proper for the trial court to admit and consider evidence pertaining to the false statement which was made in the application for a North Carolina operator's license? (2) Did the trial court err in sustaining the action of Department which had cancelled Operator's License #2706086 until the Florida revocation was cleared? (3) Was it error for Department to apply the Florida period of revocation for the offense of operating a motor vehicle while under the influence of intoxicating beverages instead of the North Carolina period of revocation?

[1]    The petitioner's first contention is that it was improper for the trial court to consider any false statement in the application since his petition contained no allegation pertaining to such a statement. Under G.S. 20-25 it is proper for the trial judge "to take testimony and examine into the facts of the case, and to determine

whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of [G.S. 20-15]." In the case of *In re Revocation of License of Wright,* 228 N.C. 301, 45 S.E. 2d 370, *aff'd on rehearing,* 228 N.C. 584, 46 S.E. 2d 696, Justice Barnhill (later Chief Justice) stated:

> "Upon the filing of a petition for review, it is the duty of the judge, after notice to the department, 'to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this article.' G.S. 20-25. This is more than a review as upon a writ of *certiorari.* It is a rehearing *de novo,* and the judge is not bound by the findings of fact or the conclusions of law made by the department. Else why 'take testimony,' 'examine into the facts,' and 'determine' the question at issue?"

In the instant case the trial judge found that the petitioner answered the second question of the application falsely and that the operator's license issued by Department pursuant to such application was, therefore, properly cancelled under the provisions of G.S. 20-15. That statute provides:

> "The Department shall have authority to cancel any operator's or chauffeur's license upon determining that the licensee was not entitled to the issuance thereof hereunder, or that said licensee failed to give the required or correct information in his application, or committed fraud in making such application."

The first contention is without merit and the first question is answered in the affirmative.

[2]   The petitioner's second contention is that it was error for the trial court to sustain the action of Department in cancelling his North Carolina operator's license until the Florida revocation was cleared, because the State of Florida had not properly revoked his Florida operator's license. In support of this argument, the petitioner relies upon *In re Donnelly,* 260 N.C. 375, 132 S.E. 2d 904, and *In re Revocation of License of Wright, supra.* However, these cases are readily distinguishable from the instant case, which involves a resident of Florida whose Florida operator's license was revoked by the State of Florida as a result of an offense committed in Florida. Both *Donnelly* and *Wright* involved North Carolina residents who were licensed by North Carolina and who had been charged with criminal offenses in South Carolina. The Supreme Court held that since no notice of any hearing in South Carolina was given and since the

monetary deposits were forfeited without due process of law, there were no convictions sufficient to justify the suspensions of the North Carolina operator's licenses. Justice Barnhill pointed out that:

> "The judgment that the bond or bail has been forfeited must be entered in the court and in the cause in which it was filed. . . .
>
> In the ordinary case the condition is not broken by nonappearance generally, to be proved by any evidence, but only by nonappearance in answer to a call, to be proved by an entry made on the minutes of the court and returned as a part of the proceeding. . . . The call can only be made and a judgment of forfeiture entered in a pending cause and by the judicial officer having jurisdiction thereof." *In re Revocation of License of Wright, supra.*

In the instant case, the record reveals that the petitioner and his bail bond company were called in open court and that a court order was entered forfeiting the bond.

In *Donnelly* it was pointed out that North Carolina and South Carolina have different views in respect to the suspension of an operator's license upon the forfeiture of a bond. The Supreme Court there stated:

> "[The North Carolina Commissioner of Motor Vehicles] implies that the opinion of the South Carolina Court in *Langford* [223 S.C. 20, 73 S.E. 2d 854], as to the validity of the forfeiture of bail when no warrant has been served, is binding on this Court in the case at bar. We are not dealing here with the South Carolina statute authorizing the suspension of driver's license upon forfeiture of bail. We are concerned only with the force and effect of the North Carolina statute. . . ."

However, in the instant case, we are not concerned with the suspension of a North Carolina operator's license resulting from an offense committed in another state. We are concerned with a Florida resident whose Florida operator's license was revoked by the State of Florida as a result of an offense committed in Florida. Even if it should be conceded that the order of forfeiture in the Florida court did not comply with due process under the laws of North Carolina, it nevertheless complied with due process under the laws of Florida. Therefore, the Florida operator's license was in a state of suspension when the petitioner applied for a North Carolina operator's license.

[3] G.S. 20-9(f) provides:

> "The Department shall not issue an operator's or chauffeur's

license to any person whose license or driving privilege is in a state of suspension or revocation in any jurisdiction, if the acts or things upon which the suspension or revocation in such other jurisdiction was based would constitute lawful grounds for suspension or revocation in this State had those acts or things been done or committed in this State."

In this State the revocation of a driver's license is mandatory whenever it is made to appear that the licensee has been found guilty of "[d]riving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug." G.S. 20-17(2). It follows that Judge Canaday was correct in holding that Department is precluded from issuing an operator's license to the petitioner by the provisions of G.S. 20-9(f).

This contention is without merit and the second question is answered in the negative.

**[4]** The petitioner's third contention is that Department must apply the North Carolina period of revocation for the offense of operating a motor vehicle while under the influence of intoxicating beverages instead of the Florida period of revocation. There is no merit in this position since the petitioner was a resident of Florida and, therefore, subject to and controlled by the laws of that State at the time the offense was committed. Under these circumstances, G.S. 20-9(f) is the correct statute to apply.

This contention is without merit and the third question is answered in the negative.

The judgment below is

Affirmed.

PARKER and MORRIS, JJ., concur.