IN RE: JAMES A. GRUBBS, 310 BANNER AVENUE, WINSTON-SALEM, N. C., N. C. DRIVER'S LICENSE NUMBER 1875945

No. 7421SC1028

(Filed 19 March 1975)

Automobiles § 2— discretionary suspension of license — authority of superior court to set aside

Upon appeal from the discretionary suspension of petitioner's license under G.S. 20-16(a)(5) for the accumulation of eight points within the three-year period following the reinstatment of his license which had been suspended for the accumulation of twelve points, the superior court had no authority to substitute its discretion for that of the Department of Motor Vehicles by ordering reinstatement of the license where the facts found by the court show the Department had discretion to suspend the license under G.S. 20-16(a)(5).

APPEAL by respondent, North Carolina Department of Motor Vehicles, from *Exum, Judge.* Judgment entered 30 August 1974. Heard in the Court of Appeals 18 February 1975.

This action arose out of a petition to the superior court to review the action of the respondent, Department of Motor Vehicles, in suspending the petitioner's driving privileges under G.S. 20-16(a)(5).

The petitioner's driving privileges were suspended for eight months, effective 25 May 1974, for the accumulation of eight points within the three-year period immediately following the reinstatement of his license which had previously been suspended for the accumulation of twelve points.

Upon receiving notice that his driving privileges were being suspended, the petitioner asked for a hearing before the respondent. A hearing was conducted, but the suspension was left in effect. Petitioner then started this action which resulted in a

State v. Bryan

hearing before the Forsyth County Superior Court. Pursuant to this hearing, the trial judge entered a judgment ordering the petitioner's driving privileges restored. From this judgment, the respondent appealed.

*Attorney General Edmisten by Assistant Attorneys General William B. Ray and William W. Melvin for the respondent.*

*No counsel contra.*

CLARK, Judge.

It is established that the petitioner has the right to a full *de novo* review of respondent's action in the superior court. However, "[o]n appeal and hearing *de novo* in superior court, that court is not vested with discretionary authority. It makes judicial review of the facts, and if it finds that the license of petitioner is in fact and in law subject to suspension . . . the order of the Department must be affirmed. . . . " *In Re Donnelly,* 260 N.C. 375, 381, 132 S.E. 2d 904, 908 (1963).

The facts as found by the trial court are in exact conformity with the suspension provisions of G.S. 20-16(a) (5). In those circumstances, the respondent had complete authority by law to suspend petitioner's license, and the superior court judge had no authority to substitute his discretion for that of respondent. Consequently, the judgment below is

Reversed.

Judges PARKER and HEDRICK concur.