Smith v. Walsh

STEVEN DUNHAM SMITH PETITIONER v. LEO F. WALSH, JR., DIRECTOR, DRIVER LICENSE SECTION, DIVISION OF MOTOR VEHICLES, DEPARTMENT OF TRANSPORTATION, STATE OF NORTH CAROLINA RESPONDENT

No. 7720SC40

(Filed 19 October 1977)

**Automobiles § 2.1— speeding in excess of 75 mph— suspension of license by DMV— revocation of suspension by superior court**

The Division of Motor Vehicles was authorized by G.S. 20-16(a) and G.S. 20-19(b) to suspend petitioner's driver's license for a period of 12 months because of his conviction of driving in excess of 75 mph in a 45 mph speed zone, and the superior court on appeal had no discretionary power to revoke the suspension of petitioner's license which had been ordered by the Division of Motor Vehicles.

APPEAL by respondent, North Carolina Division of Motor Vehicles, from *Graham, Judge.* Judgment entered 12 November 1976. Heard in the Court of Appeals 29 September 1977.

On 19 March 1976 the North Carolina Division of Motor Vehicles, respondent herein, acting pursuant to G.S. 20-16(a)(10) and G.S. 20-19(b), ordered petitioner's driving privilege suspended for a period of twelve months because of his conviction of operating a motor vehicle at a speed in excess of 75 miles per hour in a 45 mile per hour speed zone. After exhausting administrative remedies without obtaining relief, petitioner commenced this action in the Superior Court seeking a reversal of the respondent's order. After hearing evidence, the trial court entered judgment making findings of fact, based upon which the court concluded "in its discretion that the suspension of the petitioner's license for speeding should be revoked and his license reinstated on the speeding offense." From judgment in accord with this conclusion ordering respondent "to reinstate petitioner's driver's license on said offense," respondent appealed.

*Seawell, Pollock, Fullenwider, Robbins & May, P.A., by P. Wayne Robbins, for petitioner appellee.*

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin for respondent appellant.*

PARKER, Judge.

In his verified petition filed in the Superior Court, petitioner alleged:

> 3. That on or about the 18th day of February, 1976, the Petitioner was convicted of driving while under the influence of intoxicating liquors and speeding 100 in a 45 MPH zone in the District Court of Moore County, Carthage, North Carolina.

At the hearing in the Superior Court the petitioner testified that he had been convicted on 18 February 1976 of operating a motor vehicle on a public highway while under the influence of intoxicating liquor and speeding a hundred miles per hour in a 45 mile per hour zone. He testified that the reason he was speeding was that he "was trying to get away from a police officer."

In the judgment appealed from, the court made the following finding of fact:

> 3. That on or about the 18th day of February 1976, the petitioner was convicted of driving while under the influence of intoxicating liquors and speeding in excess of 45 m.p.h. in the District Court of Moore County, Carthage, North Carolina.

Respondent excepts to this finding, pointing out that petitioner's own allegation and evidence show that petitioner was convicted of speeding in excess of 75 miles per hour in a 45 mile per hour speed zone, a much graver speeding offense than as stated in the court's finding of fact. Petitioner concedes this to be true, his brief containing the following:

> Obviously from the evidence the proper finding was speeding in excess of 75 miles per hour. Equally obvious is that this was a typographical error on the part of the appellee in preparing judgment. No one at the hearing considered the conviction otherwise than speeding in excess of 75.

Accordingly, for purposes of this appeal we shall consider the judgment of the Superior Court as though it contained a proper finding that petitioner had been convicted of operating a motor vehicle at a

Smith v. Walsh

speed in excess of 75 miles per hour in a 45 mile per hour speed zone. The question presented by this appeal is whether, in view of such a finding, the court had the discretionary power to revoke the suspension of petitioner's driving privilege which had been ordered by the Division of Motor Vehicles. We hold that it did not.

G.S. 20-16(a) contains the following:

> The Division shall have authority to suspend the license of any operator or chauffeur with or without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee:

> \*     \*     \*

> (10) Has been convicted of operating a motor vehicle at a speed in excess of 75 miles per hour on a public road or highway where the maximum speed is less than 70 miles per hour.

G.S. 20-19(b) provides that "[w]hen a license is suspended under subdivision (10) of G.S. 20-16(a), *the period of suspension shall be in the discretion of the Division and for such time as it deems best for public safety but shall not exceed a period of 12 months.*" (Emphasis added.) Under these statutes, the discretionary authority to suspend petitioner's license for a period not exceeding 12 months was vested exclusively in the respondent, the Division of Motor Vehicles. No discretionary power was conferred upon the court. As stated by Sharp, J. (now C.J.), speaking for the Supreme Court in *Joyner v. Garrett, Comm'r of Motor Vehicles*, 279 N.C. 226, 232, 182 S.E. 2d 553, 558 (1971), "[t]he power to issue, suspend, or revoke a driver's license is vested exclusively in the Department [now the Division] of Motor Vehicles, subject to review by the Superior Court and, upon appeal, by the appellate division." Judicial review is provided for by G.S. 20-25, and in a case such as is now before us "[i]t is established that the petitioner has the right to a full *de novo* review of respondent's action in the superior court." *In re Grubbs*, 25 N.C. App. 232, 233, 212 S.E. 2d 414, 415 (1975). However, "[o]n appeal and hearing *de novo* in superior court, that court is not vested with discretionary authority. It makes judicial review of the facts, and if it finds that the license of petitioner is in fact and in law subject to suspension or revocation the order of the Department must be affirmed . . . ." *In re Donnelly*, 260 N.C. 375, 381, 132 S.E. 2d 904, 908 (1963).

The undisputed facts of the present case bring it squarely within the provisions of G.S. 20-16(a)(10), and the order of the respondent suspending petitioner's license for a period of 12 months

because of his conviction of driving in excess of 75 miles per hour in a 45 mile per hour speed zone was fully authorized by G.S. 20-19(b). The court had no authority to substitute its discretion for that of the respondent. Accordingly, the judgment appealed from must be reversed. *In re Grubbs, supra.*

We note that the record and briefs indicate that the Division of Motor Vehicles also revoked petitioner's driver's license for one year because of his conviction for driving while under the influence of intoxicating liquor and that the District Court Judge may have granted petitioner a limited driving permit in connection with that case after entry in the Superior Court of the judgment in the case presently before us. Since no question has been presented on this appeal concerning the revocation of petitioner's driving privilege which resulted from his conviction for driving under the influence nor concerning any limited driving privilege which may have been granted by the District Court in connection with that case, we express no opinion concerning such matters.

The judgment appealed from is

Reversed.

Chief Judge BROCK and Judge ARNOLD concur.