OLIVE v. FAULKNER

[148 N.C. App. 187 (2001)]

———————————

CHRISTOPHER HOWARD OLIVE, Petitioner v. JANICE FAULKNER, COMMISSIONER OF THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION DIVISION OF MOTOR VEHICLES, Respondent

No. COA00-781

(Filed 28 December 2001)

**Motor Vehicles— driver's license—suspension—driving with revoked Virginia license but valid North Carolina license**

The superior court erred by enjoining DMV from revoking petitioner's driver's license for an out-of-state conviction of driv-

ing while his license was revoked where petitioner was a truck driver with licenses in North Carolina and Virginia, his Virginia license was suspended for failure to pay costs associated with a Virginia case, he was subsequently convicted in Virginia of driving with a suspended license, Virginia notified the North Carolina DMV of the conviction, DMV notified petitioner that his North Carolina license would be suspended for twelve months for commission of an offense in another state that would be grounds for suspension in North Carolina, petitioner paid the Virginia fine and his Virginia license was reinstated, and DMV sustained the continued suspension of petitioner's North Carolina license. North Carolina does not allow reinstatement merely upon payment of outstanding fees, and the superior court must affirm the suspension if the license is subject to suspension in fact and in law.

Judge WYNN dissenting.

Appeal by respondent from order entered 10 April 2000 by Judge Knox V. Jenkins, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 17 October 2001.

*No brief filed for petitioner Christopher Howard Olive.*

*Attorney General Michael F. Easley, by Associate Attorney General Kimberly P. Hunt, for respondent.*

BRYANT, Judge.

This appeal arises out of the trial court's reversal of the North Carolina Department of Transportation Division of Motor Vehicles [DMV] hearing officer's determination that suspension of petitioner's license was proper.

Petitioner, Christopher Howard Olive, is a long-distance truck driver who resides in North Carolina and holds driver's licenses in North Carolina and Virginia. His Virginia license was suspended for failure to pay costs associated with a Virginia case. A few months later, he was charged with and convicted of driving while license suspended in Virginia. The State of Virginia notified DMV of the conviction. DMV notified petitioner that his North Carolina license would be suspended for twelve months pursuant to N.C.G.S. § 20-16(a)(7), which allows North Carolina to suspend or revoke a driver's license upon commission of an offense in another state that would be grounds for suspension in North Carolina. N.C.G.S. § 20-16(a)(7)

(1999). Petitioner then paid the Virginia fine for driving with a suspended license, and Virginia reinstated his license. DMV, however, continued to pursue the suspension.

Petitioner requested a hearing with a DMV hearing officer, who sustained the suspension despite evidence of the reinstatement of petitioner's Virginia license. Petitioner filed a petition for a preliminary injunction and a temporary restraining order. The petition was granted. Petitioner requested a de novo hearing in the Superior Court of Johnston County. The Superior Court ruled that DMV abused its discretion in suspending petitioner's license. DMV appeals.

We note at the outset that DMV raised two issues in the assignments of error in the record on appeal that it did not discuss in its brief. Assignments of error not argued in the appellant's brief are deemed abandoned. N.C. R. App. P. 28(b)(5). In DMV's remaining assignment of error, DMV argues that the trial court erred in enjoining DMV from revoking petitioner's driver's license for an out-of-state conviction of driving while license revoked. We agree and vacate the trial court's order.

DMV has the exclusive power to issue, suspend or revoke a driver's license. *Smith v. Walsh*, 34 N.C. App. 287, 289, 238 S.E.2d 157, 159 (1977). The petitioner has the right to have the Superior Court review DMV's actions de novo. *Smith*, 34 N.C. App. at 287, 238 S.E.2d at 157. "On appeal and hearing *de novo* in superior court, that court is not vested with discretionary authority. It makes judicial review of the facts, and if it finds that the license of petitioner is in fact and in law subject to suspension or revocation the order of the Department must be affirmed, otherwise not." *In re Donelly*, 260 N.C. 375, 381, 132 S.E.2d 904, 908 (1963); *Smith v. Walsh*, 34 N.C. App. 287, 238 S.E.2d 157 (1977) (holding that superior court did not have discretionary power to revoke DMV suspension of motorist's driving privilege). When reviewing the trial court's decision, the Court of Appeals first determines whether the trial court applied the correct scope of review, then determines whether the court did so properly. *Id.*

In this case, petitioner was convicted in Virginia of driving with a suspended license. N.C.G.S. § 20-16 provides that DMV may suspend a person's license upon a showing that the person committed an offense in another state that would be grounds for suspension in this State. N.C.G.S. § 20-16(a)(7) (1999). A problem arises because in Virginia, after a conviction of driving with a suspended license, a license may be reinstated upon payment of outstanding fees. North

Carolina law does not allow reinstatement merely upon payment of outstanding fees. Therefore, the issue we address is whether, under North Carolina law, the Superior Court may enjoin DMV from suspending the license of a driver whose license is suspended in another state but later reinstated in that state. We conclude that it may not.

Although there are no North Carolina cases directly on point, we look to the statutes for guidance. Section 20-16 clearly and unambiguously gives DMV the discretionary authority to suspend or revoke the license of a driver who has *committed* an offense in another state if the offense would be grounds for suspension in North Carolina. N.C.G.S. § 20-16(a)(7) (1999). N.C.G.S. § 20-28 authorizes DMV to revoke the license of anyone convicted of driving while license revoked. N.C.G.S. § 20-28 (1999). Revocation and suspension are used synonymously. N.C.G.S. § 20-4.01(36) (1999). When construing statutes, our courts have stated, " 'Where the language of a statute is clear and unambiguous . . . the courts must construe the statute using its plain meaning.' " *Springer-Eubank Co. v. Four County Elec. Membership Corp.*, 142 N.C. App. 496, 499, 543 S.E.2d 197, 200 (2001) (alteration in original) (quoting *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citation omitted)). By statute, DMV had discretionary authority to suspend petitioner's license. By mandate, the Superior Court upon review de novo must affirm the suspension if the license is subject to suspension in fact and in law. Because petitioner was *convicted* in Virginia, we do not see how the trial court could enjoin DMV without exercising its discretion. Had petitioner only been charged but not convicted in Virginia, the outcome might be different. However, we decline to entertain this issue at this time. Because the Superior Court lacked discretionary authority, we must vacate its order.

Vacated.

Judge McCULLOUGH concurs.

Judge WYNN dissents with a separate opinion.

WYNN, Judge dissenting,

I agree with Superior Court Judge Knox Jenkins' rationale for finding that suspension of the petitioner's driver license under N.C. Gen. Stat. § 20-16(a)(7) was improper. That statute permits DMV to suspend or revoke a driver's license upon commission of an offense

in another state that would be grounds for suspension in North Carolina. The petitioner in this case was convicted in the State of Virginia for driving while his Virginia license was expired; his North Carolina license was in tact. As long as a driver possesses a valid driver's license, it is not an offense in the State of North Carolina to drive in this State while under a suspension of license in another state.

Apparently, the General Assembly recognized that there may be some offenses in another state that would not be grounds for suspension in North Carolina. While it is tempting to say that the offense in this case was driving while license suspended; in fact, the offense was driving in the State of Virginia while his *Virginia license* was suspended.[1] That is not an offense in North Carolina, particularly for this truck driver who had a valid North Carolina license.

---

1. If the defendant had been convicted in Virginia for driving without a license at all, then I would agree with the majority that the offense would be one that would be grounds for suspension in North Carolina.